UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL SANTOS, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No.: 19-cv-1542-L-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME [Doc. 12]**<br><br>**(2) GRANTING MOTION TO REMAND [Doc. 8]** |

Pending before the Court is Defendant Mercedes-Benz USA, LLC's ("Defendant") motion for an extension of time to file an opposition to Plaintiff Cheryl Santos' ("Plaintiff") motion to remand [doc. 8] pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) [doc. 12]. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Defendant's motion and **GRANTS** Plaintiff's motion.

**I. BACKGROUND**

On July 12, 2019, Plaintiff filed a Complaint in the Superior Court of California, San Diego County, alleging violation of the Song-Beverly Consumer Warranty Act, Conversion, and Breach of Express and Implied Warranty. *See* Doc. 1-2. On August 16, 2019, Defendant removed the case to this court pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. The same day, Defendant filed its Answer to the Complaint in both state and federal court. *See* Docs. 1, 2. On September

16, 2019, Plaintiff filed a motion to remand, which set October 21, 2019 as the motion hearing date for briefing schedule purposes only. Doc. 8. After Defendant failed to file a Response in Opposition to Plaintiff's motion, on October 14, 2019, Plaintiff filed a reply to Defendant's non-opposition. Doc. 10. Four days later and three days before the noticed motion hearing date, Defendant filed its opposition brief on October 18, 2019. Doc. 11. Defendant also filed the instant motion on October 18, 2019, to which Plaintiff filed an opposition brief on October 25, 2019. *See* Docs. 12, 13.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court has discretion to retroactively extend a deadline, upon a showing of good cause, even "after the time [to file an opposition brief] has expired if the party failed to act because of excusable neglect." To determine whether a party has shown excusable neglect, courts consider the following factors: (1) the danger of prejudice to the nonmoving parties; (2) the length of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not constitute 'excusable' neglect, it is clear that 'excusable neglect under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

"Federal courts are courts of limited jurisdiction.*" Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal

2

statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Diversity jurisdiction requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

## III. DISCUSSION

The threshold question concerns whether to grant Defendant's request for an extension of the opposition deadline.

Defendant's counsel contends that, although the opposition to Plaintiff's motion to remand was drafted on October 3, 2019 and instructions were given to file the motion on October 4th, the motion was not filed until October 18, 2019 due to mistake. *See* Docs. 12, 12-1.

### A. Danger of Prejudice to Plaintiff

Defendant contends there is no danger to Plaintiff as her motion to remand is baseless. Doc. 12 at 4-5. However, Plaintiff has already been prejudiced by Defendant's counsel's lack of attention to this case. Plaintiff correctly points out that Defendant's counsel failed to request leave of court before filing the untimely opposition and failed to contact Plaintiff regarding the untimely-filed opposition brief or motion to extend time. Doc. 13 at 5. This underscores Defendant's counsel's ignorance or disregard to the local and chambers rules of this Court. Civil Local Rule 7.1.f.3.c states, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2 [Time for filing opposition], that failure may constitute a consent to the granting of a motion or other

3

request for ruling by the court." Local Rule 7.1.e.2 mandates "each party opposing a motion . . . file that opposition . . . not later than fourteen (14) *calendar* days prior to the noticed hearing." Additionally, the undersigned's Standing Order for Civil Cases makes clear, "Before filing an *ex parte* application, the parties must meet and confer in an attempt to resolve the issue. If the parties are unable to resolve it, the applicant shall attach a declaration documenting the meet and confer efforts and explain the reason for failure to reach a resolution[] or explain why a meeting and conference is not appropriate in the context of the request." Here, Defendant's conduct runs afoul of both the Local Rules and Standing Order without credible explanation. Defendant's counsel's inattention to this Court's procedural guideposts has manifested in further delaying any resolution of the issues. This ultimately prejudices Plaintiff by impeding final resolution of her claims.

Plaintiff would be further prejudiced by the necessity to file another reply brief in response to Defendant's opposition to the remand motion, ultimately depriving Plaintiff of more time and expense. Taken together, this factor weighs in favor of denying Defendant's motion.

### B. Length of the Delay

Defendant's counsel contends that the delay, 11 days, was brief and "will not have a substantial impact on the judicial proceedings." Doc. 12 at 5. The Court agrees. As such, this factor weighs in favor of granting Defendant's motion.

### C. Reason for Delay

Here, the reason for the delay is due to the mistaken belief by Defendant's counsel and support staff that the Opposition was already filed. The Court finds this contention unconvincing as Defendant's counsel fails to provide any evidence from which the Court could infer that his or staff's belief was reasonable. No evidence is attached to the motion indicating a successful upload of the opposition brief to the electronic case filing docket. The Electronic Case Filing User's Manual illustrates that a Notice of Electronic Filing ("NEF") populates in a new window to display an ECF filing receipt. U.S. Dist. Ct. for the Southern Dist. Of Cal., Electronic Case Filing CM/ECF User's Manual (April 2013),

4

*available*
https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual%20080119.pdf. The User's Manual also instructs litigants to save the NEF screen to your client's file as confirmation of filing while strongly urging users to maintain an electronic or hard-copy receipt of the transaction. Without a NEF, the Court finds it implausible that Defendant's counsel mistakenly believed that the opposition was filed. As such, Defendant's counsel brings a motion in which there is no plausible excuse. Thus, excusable neglect cannot exist.

Counsel also declares that he did not discover that no opposition had been filed until October 18, 2019 despite Plaintiff filing her Reply brief on October 14, 2019. Plaintiff attaches her NEF of her timely-filed Reply in support of her motion to remand in opposition of the instant motion. *See* Doc. 13-2. The U.S. District Court's ECF Policies and Procedures mandate that "Each registered user of the CM/ECF system is responsible for assuring that the user's e-mail account is monitored regularly, and that e-mail notices are opened in a timely manner." U.S. Dist. Ct. for the Southern Dist. Of Cal., ECF Policies and Procedures, *available* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual%20080119.pdf. Although Defendant's counsel asserts that the opposition brief was already drafted, he fails to provide a reason why the opposition brief was not filed until four days after the Reply brief. Accordingly, Defendant's counsel's failure to monitor the docket and timely respond to Plaintiff's motion to remand favor denying Defendant's motion.

**D.    Whether Defendant Acted in Good Faith**

While Defendant asserts that it acted in good faith, Plaintiff highlights another case in which Defendant's counsel failed to oppose a motion to remand and the court (the Central District of California) granted that plaintiff's motion to remand in light of the local rules and the presumption against removal jurisdiction. *See* Doc. 13-3. Defendant's counsel should have been on notice to regularly monitor and timely respond to all notices

in removed cases due to their history with this type of behavior. Defendant's counsel's excuse is baseless. Moreover, Defendant has made no effort to comply with this Court's administrative or procedural standards. The Court has discretion to grant a party's motion upon an opposing party's failure to file within a deadline set by this court's local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). As such, the Court finds that this factor also weighs in favor of denying Defendant's motion.

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Defendant's motion for extension of time under Rule 6(b)(1)(B) [doc. 12] and **GRANTS** Plaintiff's unopposed motion to remand [doc. 8].

**IT IS SO ORDERED.**

Dated: October 28, 2019

_____
Hon. M. James Lorenz
United States District Judge